IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NANCE RAY HARRIS,                )
                                 )
    Petitioner,                  )
                                 )   CIVIL ACTION NO. 16-0020-WS-MU
v.                               )
                                 )   CRIM. ACTION NO. 07-0019-WS-MU
    UNITED STATES OF AMERICA,    )
                                 )
    Respondent.                  )

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 49), the Government's motion to dismiss (Doc. 53), the Government's renewed motion to dismiss (Doc. 61), and Petitioner's replies thereto (Docs. 55, 63). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72(a)(2)(R). Following consideration of all relevant filings, it is recommended that the motion to dismiss filed by the United States be **GRANTED** and that Harris's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

## BACKGROUND

On April 12, 2007, Harris pled guilty to Counts Two and Four of an indictment charging the offense of possession of a stolen firearm and felon in possession of a firearm in violation of Title 18, United States Code Sections 922(j) and 922(g)(1), respectively. (Doc. 32). On July 19, 2007, Harris was sentenced to a term of 210 months in prison, and a judgment of conviction was entered on August 6, 2007. (Doc. 45). Harris did not file a direct appeal. On January 11, 2016, Harris filed a motion

pursuant to 28 U.S.C. § 2255 requesting that he be resentenced without application of the career offender provision. (Doc. 49 at p. 12). On May 17, 2016, the Government filed a motion to dismiss Harris's § 2255 motion on the grounds that it was time-barred and barred by his plea agreement's collateral attack waiver. (Doc. 53). On May 18, 2016, the Court ordered Harris to show cause why his motion should not be dismissed as time-barred. (Doc. 54). Harris filed his response to that order on June 10, 2016. (Doc. 55). Shortly thereafter, this action was stayed pending decisions in similar cases before the Eleventh Circuit and the United States Supreme Court. (Doc. 57). After these decisions were rendered, the Government filed a renewed motion to dismiss Harris's § 2255 motion on the ground that it is time-barred. (Doc. 61). Harris filed a response in opposition to the Government's renewed motion on June 13, 2017. (Doc. 63). This matter is now ripe for determination.

## CONCLUSIONS OF LAW

In his motion to vacate, filed January 11, 2016, Harris contends that, in light of the holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015), he is entitled to resentencing because his prior Alabama burglary third convictions, which gave rise to his career offender sentence under U.S.S.G. § 4B1.2, have been invalidated by the holding in *Johnson.* In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), was unconstitutional. 135 S. Ct. at 2557-58.[1] Harris argues in support of his motion that the *Johnson* holding should be extended to invalidate the residual clause in the Sentencing Guidelines. (Doc. 55). Because Harris filed his motion to

---

[1] *Johnson* was determined to be retroactive to cases on collateral review in *Welch v. United States,* 136 S. Ct. 1257 (2016).

2

vacate more than eight years after his judgment of conviction became final, the Government moved to dismiss his § 2255 motion on the ground that it is time-barred. (Doc. 53).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971 (2000). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Harris did not file a direct appeal (*see* Docket Sheet) and, therefore, his conviction and sentence became final ten (10) days after this Court entered the judgment on August 6, 2007, that is, on August 16, 2007, the date on which the time for filing a notice of appeal expired. *Akins*, 204 F.3d at 1089, n.1 (noting that when a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal). Thus, Harris's one-year limitations period for filing his § 2255 motion began running on August 16, 2007 and expired on August 16, 2008. Because he did not file his motion to

vacate his sentence until January 11, 2016, more than seven years after the expiration of the limitations period, his motion is clearly time-barred under § 2255(f)(1).

While Harris acknowledges that his § 2255 motion was filed more than one year after his conviction became final, he argues that it was timely filed pursuant to § 2255(f)(3) because he filed it within one year of the Supreme Court's decisions in *Johnson* and *Welch*. Harris's argument is without merit. In *Beckles v. United States,* 137 S. Ct. 886 (2017), the United States Supreme Court rejected Harris's argument that *Johnson,* which applied to the residual clause in the Armed Career Criminal Act, effectively invalidated the residual clause set forth in § 4B1.2 of the advisory Guidelines, holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. at 890. In addition, prior to the Supreme Court's decision in *Beckles*, the Eleventh Circuit held that *Johnson* does not invalidate the residual clause in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(2), *United States v. Matchett,* 802 F.3d 1185, 1193-96 (2015), *reh'g denied*, 837 F.3d 1118 (11th Cir. 2016) (en banc), *cert. denied,* 137 S. Ct. 1344 (2017), and subsequently held that "***nothing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines***." *United States v. Kirk,* 636 F. App'x 548, 550 (11th Cir. 2016) (emphasis added). Therefore, pursuant to *Beckles, Matchett,* and *Kirk,* the *Johnson* decision and, thus, § 2255(f)(3) are not applicable to Harris's action. Accordingly, Harris's § 2255 motion is time-barred. Based on the foregoing, the undersigned recommends that the motion to dismiss filed by the United States be **GRANTED** and that Harris's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied partially on procedural grounds, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),and partially on the failure of Harris's claim of unconstitutionality of the residual clause set forth in § 4B1.2 of the advisory Guidelines, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack,* 529 U.S. at 483–484 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Harris's motion to vacate, nor could a reasonable jurist conclude that Harris should be allowed to proceed further with respect to his constitutional claim. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Harris is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge **RECOMMENDS** that the renewed motion to dismiss filed by the United States (Doc. 61) be **GRANTED** and that Harris's § 2255 motion to vacate,

set aside or correct sentence (Doc. 49) be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f). Harris is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **April, 2018**.

                            s/P. BRADLEY MURRAY
                            **UNITED STATES MAGISTRATE JUDGE**